<u>**Not for Publication**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| |
|---|
| DANIEL DXRAMS, <br><br> *Plaintiff,* <br><br> v. <br><br> JH PORTFOLIO DEBT EQUITIES, <br><br> *Defendant.* |

Civil Action No. 17-12038
(JMV)(JBC)

<u>**OPINION & ORDER**</u>

<u>**John Michael Vazquez, U.S.D.J.**</u>

Plaintiff seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* but the Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief can be granted. Specifically, Plaintiff fails to plausibly plead a claim.

Under § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

However, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2). When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of

review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 Fed. App'x 120, 122 (3d Cir. 2012). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

"Federal courts have subject matter jurisdiction over a case if it satisfies federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332." *Hines v. Irvington Counseling Ctr.*, 933 F. Supp. 382, 387 (D.N.J. 1996). Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "[A] claim arises under federal law if federal law creates the cause of action." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 706 (2006) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). To establish diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties" as well as an amount in controversy exceeding the statutory threshold. *Schneller ex rel Schneller v. Crozer Chester Med. Ctr.*, 387 Fed. App'x 289, 292 (3d Cir. 2010).

Here, Plaintiff alleges violations of 15 U.S.C. §1692 and 15 U.S.C. §1681, the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA"). Both are federal statutes; thus the Court has federal subject matter jurisdiction over his claims. To state a claim under the FDCPA, a plaintiff must show: "(1) [he] is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). The FCRA "imposes a variety of obligations on both furnishers [banks and other lenders] and [credit reporting agencies]". *Seamans v. Temple University*, 744 F.3d 853, 860 (3d Cir. 2014).

Plaintiff alleges that Defendant has violated the FDCPA by "harassing [him] via phone calls and letters," and that Defendant has wrongfully reported the debt of $18,196 on his credit report. D.E. 1, hereinafter "Complaint" or "Compl." at 4. Plaintiff claims to have disputed the debt and has asked Defendant several times for "competent evidence that the plaintiff have [sic] legal obligation to the debt." *Id.*

It is clear to the Court that Plaintiff is attempting to charge Defendant with violations of the FDCPA, but he includes no detail about the alleged phone calls and letters, including a lack of dates, times, and descriptions of the alleged harassment. Plaintiff does annex a copy of his credit report to the Complaint, but he does not explain it. *See* Ex. A to Compl. As to a letter he sent to Defendant, Plaintiff states that the credit report indicates that he owes "a debt to an original creditor whom is unknown," but the credit report states that the original debt was with "Citibank N.A." *Id.* Without more plausible and specific allegations, the Court cannot draw reasonable inferences that Defendant has violated either the FDCPA or the FCRA.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, which affords a plaintiff leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). At this point, the Court cannot conclude that Plaintiff's claims are futile. Therefore, the Court shall provide Plaintiff thirty (30) days to file an amended complaint[1] that cures the deficiencies set forth herein. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty days, the dismissal will then be with prejudice. A dismissal with prejudice means that Plaintiff will be precluded from filing any future suit against Defendant concerning the allegations in the Complaint.

Accordingly, and for good cause shown,

**IT IS** on this 12th day of April, 2018,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice, with leave to file an amended complaint within thirty (30) days from entry of this Order. If Plaintiff fails to file an Amended Complaint within 30 days of the entry of this Order, this Court will direct the Clerk of the Court to dismiss the Complaint with prejudice; and it is further

---

[1] If Plaintiff does file an amended complaint which the Court finds sufficient, Defendant is not precluded from filing a motion to dismiss pursuant to Rule 12(b)(6). The Court's role at this stage is to perform a screening function. The Court's ruling does not prejudice Defendant from litigating the matter as it sees fit.

4

**ORDERED** that the Clerk of the Court mail a copy of the Opinion and Order to Plaintiff by regular mail and by certified mail return receipt.

                                                                                John Michael Vazquez, U.S.D.J.